CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
October 07, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Megan Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | | |
|---|---|---|
| **ALLAN RAY VIA,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:26MC00011 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JOHN DOES,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondents. | ) | |

*Allan Ray Via, Pro Se Petitioner.*

The petitioner, a Virginia inmate proceeding pro se, filed a petition under Rule 27 of the Federal Rules of Civil Procedure, requesting that the court direct prison officials to retain video evidence and participate in discovery prior to initiating a lawsuit. The court entered an Order conditionally filing the petition on August 18, 2026, pending satisfaction of certain requirements.

Specifically, the court directed Via to pay the $52.00 fee or complete an application to proceed in forma pauperis. The court further advised Via that Rule 27 of the Federal Rules of Civil Procedure requires that a petition to perpetuate discovery or testimony be verified. Because the current petition is not signed under penalty of perjury, Via was directed to submit an amended petition within 30 days of entry of the court's Order. He was expressly warned that "failure to comply with

this requirement may result in the dismissal of the petition without prejudice." Order 2, Dkt. No. 2.

More than 30 days have elapsed, and Via has not submitted a verified amended petition as directed. While he did submit a letter to the Clerk with his application to proceed in forma pauperis, the letter does not appear to be an amended petition and it is, likewise, not signed, sworn, and submitted under penalty of perjury to satisfy the verification requirement. *See Goodman v. Diggs*, 986 F.3d 493, 495 n.2 (4th Cir. 2021) (explaining that a pleading is verified if it is "signed, sworn, and submitted under penalty of perjury"). A verified pleading "puts forward live factual allegations with evidentiary value." *Id.* at 499. Thus, it is important in a petition such as this that Via provides a verified pleading for the court's consideration. Via's failure to do so has resulted in his noncompliance with the court's prior Order and the requirements of Rule 27. *See Burrell v. Shirley*, 142 F.4th 239, 249 (4th Cir. 2025) (providing that Federal Rule of Civil Procedure 41(b) provides an explicit basis for courts to dismiss a case for failure to prosecute or comply with court orders); *see also*, *e.g.*, *Jones v. United States*, 790 F. App'x 221, 221 (D.C. Cir. 2020) (unpublished) (finding no abuse of discretion in a district court's decision to dismiss a Rule 27 Petition, in part, for failure to satisfy the requirement that the petition be verified).

Even so, Via's petition does not satisfy the remaining requirements of Rule 27. Under the Rule, "[a] person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides" requesting "an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony." Fed. R. Civ. P. 27(a)(1). The purpose of Rule 27 is to prevent evidence from being lost. *See Allen v. Ely*, No. 7:22-mc-00018, 2022 WL 16822460, at *1 (W.D. Va. Nov. 8, 2022) (citing *Deiulemar Compagnia di Navvigazione S.P.A. v. M/V Allegra*, 198 F.3d 473, 484 (4th Cir. 1999)). As relevant here, federal courts have applied the function of Rule 27 to preservation of prison video footage. *See DeFour v. Hall*, No. 7:24MC00016, 2024 WL 3085142, at *1 (W.D. Va. June 20, 2024) (citing *Robinson v. Hinman*, 295 F. App'x 59, 60–61 (7th Cir. 2008) (unpublished)). The petitioner must, among other things, show "that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought" and "the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it." Fed. R. Civ. P. 27(a).

Via states that he intends to file a lawsuit in this court against officials at Coffeewood Correctional Center for alleged misconduct during his transport to another facility when he was thrown out of his wheelchair on multiple occasions.

He claims that footage from officers' body-worn cameras and the transportation van's surveillance cameras will support his allegations. He believes that there is a risk that this footage will be lost because officers have advised him that recordings are "recorded over every 60 days." Pet. 3, Dkt. No. 1.

While Via may have shown that preservation of video footage may be important for his lawsuit, he has failed to establish that he cannot presently bring the intended cause of action. Via claims that he cannot bring the lawsuit at this time because he has not yet identified certain individuals involved in order to name them as defendants. In any event, he has included the names of certain intended defendants, including Captain Mitchell and Seargeant Porter. As the Fourth Circuit has recently explained, the district court can order the named defendants to identify unidentified officers when a plaintiff makes clear that another party is intended as a defendant. *Nichols v. Bumgarner*, 173 F.4th 511, 518, 19 (4th Cir. 2026). There is thus nothing prohibiting Via from promptly filing his lawsuit against those officers whom he can identify and seeking assistance with the identification of the others. *Compare*, *e.g.*, *DeFour*, 2024 WL 3085142, at *1 (explaining that an inmate could not presently file a civil action because he could not do so until he exhausted his administrative remedies). Once Via's lawsuit is properly filed, he may then engage in the usual course of discovery, as a Rule 27 petition "is not a substitute for broad

discovery, nor is it designed as a means of ascertaining facts for drafting a complaint." *Allen*, 2022 WL 16822460, at *1 (quoting *Deiulemar*, 198 F.3d at 485).

Ultimately, because Via has not satisfied the requirements of Rule 27, his petition must be dismissed. A separate judgment will be entered.

ENTER: October 7, 2026

/s/ JAMES P. JONES
Senior United States District Judge